# EXHIBIT 3

# EXHIBIT 4

Declaration of Richard Mescher

Amanda C. Yen (NSBN 9726)
Kristen T. Gallagher (NSBN 9561)
McDONALD CARANO LLP
2300 W. Sahara Ave, Suite 1200
Las Vegas, NV 89102
Telephone: 702.873.4100
ayen@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com

David P. Shouvlin
Richard M. Mescher
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Telephone: 614.227.2045
dshouvlin@porterwright.com
rmescher@porterwright.com
(admitted *pro hac vice*)

Attorneys for Konecranes Global Corporation.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KONECRANES GLOBAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MODE TECH (Beijing) Co., Ltd.,<br><br>Defendant. | Case No.: 2:18-cv-02015<br><br>**DECLARATION OF RICHARD MESCHER** |

I, Richard Mescher, do depose and say:

1. I am an attorney with the law firm Porter Wright Morris & Arthur in Columbus, Ohio.

2. I am admitted to practice law in Ohio, and also admitted to practice in the United States Court of Appeals for the Federal Circuit. I remain in good standing in those courts.

3. I am also admitted to practice before the United States Patent and Trademark Office (USPTO). I remain in good standing in the USPTO.

4. Each year for the past 15 years, I have taught a course in either Patent Law or Patent

Prosecution at the Moritz College of Law of the Ohio State University in Columbus, Ohio.

5. I am familiar with the facts of this case. I am quite familiar with Konecranes U.S. Patent No. 8,096,528 (the '528 Patent"), as well as Konecranes' European Patent EP 2 047 141 B1 (Annex K 6).

6. I have studied the English translation of the decision by the Regional Court of Braunschweig, Germany ("the German Court"), Case No. 9 0 772/17 (134), finding that in April 2017 Mode Tech's V6 hoist featured a chain link sprocket that infringed Konecranes' European Patent that is the equivalent of the '528 Patent.

7. I was informed that a Mode Hoist Technology (USA) Co., Ltd. located in Waxahachie, Texas was an exhibiter at a trade show in Las Vegas in the fall of 2016 and allegedly was a distributor for Mode Tech Mode V6 hoists in the United States. I was also provided with an analysis internally prepared by Konecranes to determine if the Mode V6 hoist purchased in Europe for the patent infringement litigation in Germany infringed the '528 Patent. A copy of that analysis is attached as Exhibit 13 to the Response.

8. This analysis was tantamount to a claim construction the Federal Circuit advises parties to perform before commencing a patent infringement action. Reviewing this analysis, I was satisfied that the sprocket Mode Tech was using in its Mode V6 hoists literally infringed at least claim 1 of the '528 Patent. I wrote a letter to that company advising that it was infringing the '528 Patent and that it should cease and desist from further offering to sell any infringing products. A copy of that letter is attached as Exhibit 5 to the Respone. This letter was personally served on the company on or about June 5, 2017 I did not hear back from the company.

9. In 2018, Konecranes became aware that Mode Tech apparently was attempting to sell Mode V6 hoists in the United States and intended to market these hoists at the LDI Show and Conference scheduled to take place in Las Vegas, Nevada in October 2018

10. Prior to the LDI, I observed that Mode Tech, on its company web page, prominently

2

034

featured a sprocket for use with its hoists that appeared to be a copy of Konecranes' chain sprocket, the one that the German Court had determined infringed Konecranes' equivalent European patent and that I determined infringed the '528 Patent. I did not observe Mode Tech featuring or identifying any other sprocket on its web page, leading Konecranes and me to conclude that Mode Tech was continuing to employ the same sprocket the German Court found to infringe the European equivalent of the '528 Patent and that I determined literally infringed at least claim 1 of the '528 Patent. There was no reference to a new or different sprocket on the Mode Tech web page. And given I had not heard back from the Mode Tech distributor, I had no reason to believe that Mode Tech had modified its sprocket (the accused device).

11. After the LDI, I received photographs of a partially disassembled Mode Tech hoist that had been seized from Mode Tech's booth at the LDI pursuant to the Temporary Restraining Order issued by the Court. It was difficult to see the internal parts of the hoist, but it appeared that the Mode Tech sprocket was somewhat different from the earlier version identified in the German litigation and analyzed for infringement of the '528 Patent. I could not determine from the photograph, however, whether the new Mode Tech sprocket infringed the '528 Patent or not. I informed Mr. Shouvlin, one of the trial lawyers in this case, of that.

12. Eventually, I received several detailed photographs of the new sprocket after it had been removed from the Mode V6 hoist. I was able to carefully examine those photographs.

13. Based upon my examination of the sprocket, I concluded that this new Mode Tech sprocket also literally infringes at least claim 1 of the '528 Patent. Specifically, it became clear that Mode Tech had had simply removed the tops of the teeth so that the tops were level with the adjacent bottom of the cavity for the horizontal chain links. However, the load-receiving tooth flank of each tooth was still tall enough to engage and drive the vertical chain link as there was evidence of wear on the load-receiving tooth flanks. Thus, the "modified" sprocket still infringes claim 1 of the '528 Patent because

1. all of the limitations of claim 1 of the '528 Patent are still met. Note that claim 1 of the '528 Patent does not require a specific height for the teeth . (Exhibit 1 to the Response). It appears that Mode Hoist attempted to modify the sprocket to avoid infringement of claim 1 of the '528 patent but was unsuccessful because it did not entirely remove the teeth , or at least enough of the teeth to prevent the teeth from engaging and driving the vertical chain links.

14. I also prepared a claim chart analysis with photographs and drawings showing how the new Mode Tech sprocket infringes. A copy of that claim chart, along with a narrative account, is attached as Exhibit 12 to the Response.

15. It is my understanding that Mr. Shouvlin shared the chart as well as my analysis set forth under Paragraph 12 above with counsel for Mode Tech in response to a letter from Mode Tech's counsel threatening Rule 11 sanctions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2019.

*[signature]*
Richard Mescher

DMS/12189593v.1