UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KONECRANES GLOBAL**
**CORPORATION,**

      **Plaintiff,**

                                                   **Civil Action 2:19-mc-41**
      **v.**                                             **Chief Judge Algenon L. Marbley**
                                                  **Chief Magistrate Judge Elizabeth P. Deavers**

**MODE TECH (BEIJING) CO., LTD,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Quash and alternative Motion for Protective Order filed by Plaintiff Konecranes Global Corporation ("Konecranes") (ECF No. 1), the Response in Opposition filed by Defendant Mode Tech (Beijing) Co., Ltd. ("Mode Tech") (ECF No. 4), and Konecranes' Reply (ECF No. 5).  For the reasons that follow, the Motion to Quash is **GRANTED** and the alternative Motion for Protective Order is **DENIED AS MOOT**.

**I.**

Konecranes and Mode Tech are engaged in litigation in the District of Nevada over patent infringement claims.  The underlying lawsuit is captioned *Konecranes Global Corporation v. Mode Tech (Beijing) Co., Ltd., et al.*, Case No. 2:18-cv-02015 (D. Nev.).  The parties have been involved in active litigation since Konecranes filed its Complaint on October 19, 2018.  On April 25, 2019, Mode Tech moved for Rule 11 sanctions against Konecranes, asserting that Konecranes and its counsel failed to conduct a sufficient inquiry into Mode Tech's

infringing activity before commencing the lawsuit and that no reasonable claim-construction argument could support Konecarnes' claims of patent infringement.  (ECF No. 4-1.)  On May 17, 2019, Konecranes filed a response in opposition to the Motion for Sanctions that included a declaration by Richard Mescher, counsel for Konecranes.  (ECF No. 1-3.)  In response to this declaration, Mode Tech issued a Rule 45 subpoena (the "Subpoena") to take the deposition of Mr. Mescher on August 30, 2019, in Columbus, Ohio.  (ECF No. 1-1.)

Mode Tech contends that it issued the Subpoena based on the opinions Mr. Mescher expressed in his declaration including his assertion that "[b]ased upon my examination of the sprocket, I concluded that this new Mode Tech sprocket also literally infringes at least claim 1 of the '528 Patent."  (ECF No. 4 at 5, ECF No. 1-3 at ¶ 13.)  Konecranes asserts that the purpose of the Subpoena to take Mr. Mescher's deposition is to "annoy and harass [Mr. Mescher], and by extension, Konecranes."  (ECF No. 1 at 8.)  The crux of the parties' disagreement is Konecranes' assertion that Mr. Mescher is and has been acting as counsel for Konecranes, which it contends should shield him from being required to sit for a deposition.  (*See generally* ECF No. 1.)  Mode Tech, on the other hand, asserts that Mr. Mescher is not acting as counsel and has instead injected himself into the case as a witness.  (*See generally* ECF No. 4.)  Based on this disagreement, Konecranes moves this Court to quash the Subpoena or to alternatively issue a protective order governing the parameters of a deposition of Mr. Mescher.  (ECF No. 1.)  Mode Tech opposes the Motion to Quash but supports the issuance of a protective order.  (ECF No. 4.)

## II.

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas.  Fed. R. Civ. P. 45.  Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises.  Fed. R. Civ. P. 45(a)(1).

The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," requires a non-party to travel more than 100 miles, "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Here, however, the subpoena at issue does not seek testimony or production of evidence from a third-party, but from counsel for Konecranes. The Court of Appeals for the Sixth Circuit has adopted what has become known as the *Shelton* test which was first announced by the Eighth Circuit. Under the *Shelton* test, discovery from opposing counsel is prohibited unless it is shown to be absolutely necessary. Specifically, "[d]iscovery from an opposing counsel is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). The *Shelton* "factors are then balanced so that the Court may make a determination whether the need for the discovery, and the general proposition that all witnesses in possession of relevant evidence are subject to being deposed, outweigh the intrusion which will unquestionably occur where an opposing party's attorney is deposed." *Avis Rent a Car Sys., LLC v. City of Dayton,* No. 3:12-cv-399, 2013 WL 3778922, at *2 (S.D. Ohio July 18, 2013). Although the movant generally bears the burden in a motion to quash, "because of its extraordinary nature, a subpoena noticing opposing counsel for a deposition must be justified by

the party serving it." *Id.*

### III.

As a preliminary matter, the Court finds that Mr. Mescher is and has been acting as litigation counsel for Konecranes. Mode Tech argues that Mr. Mescher has inserted himself as a witness in the case through the declaration he signed in support of Konecranes' response to Mode Tech's motion for Rule 11 sanctions in the underlying litigation. In support of this argument, Mode Tech points out that Mr. Mescher's declaration does not specifically state that he is acting as opposing counsel, that he did not sign the verified complaint in the underlying litigation, and that Konecranes filed a notice in the underlying litigation indicating that Mr. Mescher would not be appearing in the signature block as counsel in the case. (ECF No. 4 at 7.)

Konecranes responds that Mr. Mescher is no longer listed as counsel in the underlying litigation because Konecranes' other counsel is admitted *pro hac vice*. Konecranes indicates that the company found it unnecessary to incur the additional expense of Mr. Mescher also seeking *pro hac vice* admission with that court. (ECF No. 5 at 5.) Konecranes notes that Mr. Mescher has provided legal advice to the company for over ten years and that he has "been actively involved in representing Konecranes in its dispute with Mode Tech." (*Id.* at 4.)

The Court is not persuaded by Mode Tech that Mescher should *not* be treated as opposing counsel for purposes of evaluating the merits of the Subpoena. As Konecranes' counsel notes, "[p]roviding a declaration in response to Mode Tech's Rule 11 motion accusing Konecranes and its counsel of failing to properly investigate Mode Tech's infringement before commencing this action underscores the fact that Mr. Mescher was and is actively representing Konecranes as counsel in that patent infringement case." (ECF No. 5 at 4.) Accordingly, the Court will analyze the merits of the Subpoena directed to opposing counsel using the *Shelton* factors.

In order to satisfy its burden under *Shelton*, Mode Tech must show that the deposition of Mr. Mescher is necessary because "(1) no other means exist to obtain the information . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide*, 278 F.3d at 628 (quoting *Shelton*, 805 F.2d at 1327). The ultimate question for the Court is "whether the need for the discovery, and the general proposition that all witnesses in possession of relevant evidence are subject to being deposed, outweigh the intrusion which will unquestionably occur where an opposing party's attorney is deposed." *Avis*, 2013 WL 3778922, at *2.

Here, Mode Tech fails to establish any of these factors and instead primarily rests its entire argument on the assertion that Mr. Mescher had injected himself as a witness in the case. The first prong of the *Shelton* test is whether other means exist to obtain the information sought. While Mode Tech does not put forth any arguments as to this factor, Konecranes notes that, as of the date of filing its Reply, Mr. Mescher was the only individual Mode Tech had sought to depose. (ECF No. 5 at 7.) Additionally, Konecranes notes that Mode Tech did not seek discovery related to the Rule 11 motion in the underlying litigation. (ECF No. 1 at 7.)

The *Shelton* doctrine also requires, under the second and third prongs, a showing that the information sought is both relevant and crucial to the preparation of the case. *Nationwide*, 278 F.3d at 628 (quoting *Shelton*, 805 F.2d at 1327). Mr. Mescher's declaration was filed as a direct response to Mode Tech's assertion that Konecranes had not satisfied its Rule 11 obligations in bringing forth the underlying lawsuit. (ECF No. 4-1; ECF No. 1-3.) Importantly, the Rule 11 Motion in opposition to which Mr. Mescher filed his declaration was denied in the underlying litigation on March 24, 2020. *See* ECF No. 99, *Konecranes Global Corporation v. Mode Tech (Beijing) Co., Ltd., et al.*, Case No. 2:18-cv-02015 (D. Nev.). Mode Tech's rationale in support

5

of its Subpoena rests solely on Mr. Mescher's declaration and his opinions therein. (*See generally*, ECF No. 4.) Because the court in the underlying case denied the Rule 11 Motion, Mode Tech has filed to establish that the testimony it seeks from Mr. Mescher is relevant or crucial to the preparation of its case.[1]

Finally, Mode Tech has failed to establish that the testimony it seeks is not privileged. In his declaration, Mr. Mescher explains the steps he and his firm took prior to filing the lawsuit against Mode Tech, including how he came to believe that Mode Tech had infringed the '528 Patent. (ECF No. 1-3.) Mode Tech asserts that it "wants to depose Professor Mescher regarding the contents of and basis for his declaration" filed in response to Mode Tech's Rule 11 Motion. (ECF No. 4 at 11.) More specifically, Mode Tech wants to depose Mr. Mescher regarding his opinion that Mode Tech's "new toothless sprocket infringes Plaintiff's '528 Patent, which requires a sprocket with teeth." (*Id.*) Mode Tech argues that this information is not privileged because Mr. Mescher was acting as a fact witness or opining as an expert when preparing his declaration. (*Id.*) It further argues that the information sought is not privileged because Mr. Mescher obtained some of his knowledge from sources other than Konecranes. (*Id.*)

Mode Tech's argument that the information it seeks is not privileged is without merit. It seeks to depose Mr. Mescher on his impressions of the merits of Konecranes' patent infringement case as outlined in his declaration in an attempt to prove that the standards of Rule 11 were met when Konecranes initiated the action. (ECF No. 4 at 11.) Much of Mr. Mescher's knowledge of the facts behind the patent infringement claim came from communication with Konecranes' employees or representations. (ECF No. 1-3 at ¶ 7.) Moreover, this inquiry would

---

[1]Arguably, this entire matter has been rendered moot by the Nevada court's denial of the Rule 11 Motion.

6

almost certainly reveal his mental impressions, thought processes, opinions, and legal theories, which fall squarely under the work-product doctrine. *See Shelton*, 805 F.2d at 1328 (citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947) ("The work product doctrine not only protects from discovery materials obtained or prepared in anticipation of litigation, but also the attorney's mental impressions, including thought processes, opinions, conclusions, and legal theories."); *see also Alomari v. Ohio Dept. of Public Safety*, 626 F. App'x 558, 574 (6th Cir. 2015) (applying *Shelton* to quash a subpoena directed to opposing counsel where the information sought was privileged); *Avis Rent a Car Sys.* 2013 WL 3778922, at *2 (same).

## IV.

Because Mr. Mescher is counsel for Konecranes and because Mode Tech has failed to establish the *Shelton* factors in order to overcome the presumption that a deposition of opposing counsel is inappropriate, the Motion to Quash (ECF No. 1) is **GRANTED** and the alternative Motion for Protective Order (ECF No. 1) is **DENIED AS MOOT**. The Clerk is **DIRECTED** to terminate this case.

**IT IS SO ORDERED.**

Date: June 17, 2020         /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE